OPINION
Defendant-appellant Kenneth Edward Lee appeals the December 29, 2000 Judgment Entry of the Stark County Court of Common Pleas which adjudicated him a sexual predator. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
Appellant was indicted in 1994 with one count of statutory rape, in violation of R.C. 2907.02(A)(1)(b); one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4); and one count of attempted statutory rape, in violation of R.C. 2923.02(A) and 2907.02(A)(1)(b). The indictment alleged a continuous course of criminal conduct from September 1, 1993 to February 27, 1994, and charged appellant with sexually abusing a boy less than thirteen years old. Pursuant to a plea agreement, the trial court amended the indictment to one count of sexual battery, in violation of R.C. 2907.03(A)(2), with a physical harm specification. Appellant plead guilty to the offense and specification and the trial court sentenced him to an indeterminate term of incarceration of four to ten years. In December, 2000, the trial court conducted a sexual predator hearing pursuant to R.C. 2950.09 determine appellant's status upon his release from prison. Appellant stipulated to his status as a sexual predator, but challenged the constitutionality of the proceedings against him on ex post facto, retroactivity, double jeopardy, and void-for-vagueness grounds. The trial court overruled each of these motions to dismiss. In a December 29, 2000 Judgment Entry, the trial court found appellant to be a sexual predator. It is from the December 29, 2000 Judgment Entry appellant prosecutes his appeal, assigning the following as error:
 I. THE TRIAL COURT REED [SIC] IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
 II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 PROCEEDINGS AGAINST HIM ON RETROACTIVE APPLICATION GROUNDS.
 III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
 IV. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE HOUSE BILL 180 IS UNCONSTITUTIONALLY VAGUE.
 I, II, III
In appellant's first assignment of error, he maintains the trial court erred in overruling his motion to dismiss the proceedings against him on the basis of ex post facto. In his second assignment of error, appellant maintains the trial court erred in failing to find the proceedings against him were retroactive. In his third assignment of error, appellant maintains the trial court erred in failing to dismiss the sexual predator proceedings on double jeopardy grounds. We disagree with each contention. Each of appellant's contentions are overruled on the authority of State v. Cook (1998), 83 Ohio St.3d 404, cert. denied (1999), 525 U.S. 1182. See, also State v. Isom (Oct. 23, 2000), Stark App. No. 2000CA00097, unreported.
 IV
In his fourth assignment of error, appellant maintains the trial court erred in denying his motion to dismiss because the sexual predator statute is unconstitutionally vague. We disagree. Appellant's fourth assignment of error is overruled on the authority of State v. Williams (2000), 88 Ohio St.3d 513, 533. See, also Isom, supra. The Ohio Supreme Court has held H.B. 180 does not violate the constitutional prohibition against ex post facto law. Cook at 404. Further, Cook also found H.B. 180 does not violate state or federal double jeopardy protections. Williams, supra. The Supreme Court held because the provisions of H.B. 180 do not constitute punishment, they do not violate the state or federal double jeopardy projections. Finally, the Ohio Supreme Court held the retroactive provisions of H.B. 180 do not violate the retroactivity clause of Section 28, Article II of the Ohio Constitution.
The judgment of the Stark County Court of Common Pleas is affirmed.
 ___________ Hoffman, J.
Gwin, P.J. and Farmer, J. concur.